UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO DENARD MITCHELL,

    Petitioner,

v.                                                           Case No. 8:12-cv-2248-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Mitchell petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for one count of kidnapping and two counts of robbery, for which he serves three life sentences. The petition is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 petition for habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Mitchell's conviction was final on February 13, 2007,[*] and the limitation expired one year later in February, 2008, absent tolling for a state post-conviction proceeding.  On September 9, 2008, Mitchell filed a Rule 3.850 motion for post-conviction relief, which was timely filed within Florida's two-year limitation.  Mitchell erroneously believes that his state petition tolled his federal limitation.  Mitchell's September post-conviction proceeding afforded Mitchell no tolling because, as shown above, the federal limitation expired seven months earlier in February.  This simultaneous running of both limitations was explained in *Tinker v. Moore*, 255 F.3d 1331, 1334 - 35 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

> By virtue of statute, Tinker is provided both a state and federal forum in which to seek post-conviction relief.  Despite his argument to the contrary, he need not forego his state remedy entirely in order to avail himself of the federal remedy.  However, he must exercise it within one year of the date his

---

[*] Mitchell's direct appeal concluded on November 15, 2006.  The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*.  28 U.S.C. § 2244(d)(1)(A).  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).  The online dockets for the Second District Court of Appeal and the Circuit Court for Hillsborough County further confirm Mitchell's representations.

>judgment became final and do so in a manner that leaves him sufficient time to timely file his federal petition. (FN4)
>
>>FN4. We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period. Thus, care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition. For example, if the federal limitation period begins to run on January 1, and the state petition is properly filed on July 1, six months of the federal limitation period has run and petitioner only has six months left from the time the state court rules on his state petition to file his federal petition. However, should a petitioner wait to file his state petition until only a week remains before the expiration of the one year federal limitation period, he or she will only have a week left to file a federal petition before the federal limitation period has expired. *Cf. Duncan v. Walker*, [533] U.S. [167, 178] . . . (2001) ("Section 2263(b)(2) provides that the limitations period shall be tolled from the date on which the first petition for post conviction review or other collateral relief is filed until the final State court disposition of such petition.") (internal quotations omitted).

The state post-conviction proceeding afforded Mitchell no tolling of the federal limitation because no federal time remained. As a consequence, this federal petition is time-barred.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk shall enter a judgment against Mitchell and close this case.

## CERTIFICATE OF APPEALABILITY
## AND
## LEAVE TO APPEAL IN FORMA PAUPERIS

Mitchell is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a

certificate of appealability ("COA").  Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Mitchell must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the petition is clearly time-barred, Mitchell cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, because Mitchell is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Mitchell must pay the full $455 appellate filing fee without installments unless the circuit court allows Mitchell to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on October 23, 2012.

                                        STEVEN D. MERRYDAY
                                        UNITED STATES DISTRICT JUDGE